UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR HUDSPEATH, ET AL.  CIVIL ACTION

VERSUS  NO: 14-816

JEFFREY WALLACE, ET AL.  SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by the plaintiffs Arthur Hudspeath, et al. Defendant Allstate Insurance Co. opposes the motion. The motion, noticed for submission on May 7, 2014, is before the Court on the briefs without oral argument.

Plaintiffs filed this lawsuit to recover for damages sustained in an auto accident with Allstate's insured, defendant Jeffrey Wallace. Plaintiffs effected service on Allstate on March 19, 2014. (Rec. Doc. 1-2 at 6). Allstate removed the action on April 9, 2014.

Plaintiffs now move to remand the case to state court arguing that the removal was untimely because Allstate did not remove the case within 30 days from when the petition was filed. In reply to Allstate's opposition, which challenges the legal basis upon which Plaintiffs suggest that the 30 day period began to run,[1] Plaintiffs now argue that Allstate should have removed the case within 30 days of receiving notice of Plaintiffs' claims.

Title 28 § 1446(b) mandates that the notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, *of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based.

---

[1] Allstate correctly points out that 28 U.S.C. § 1446(b), which governs the timeliness of removal, does not use the date of filing to trigger the commencement of the 30 day removal period.

1

Plaintiffs cite no authority for their notion that Allstate was compelled to remove the case when it learned of their *claims*. In fact, the documentation that Plaintiffs attached to their reply—the documentation that they suggest put Allstate on notice as to their claims and therefore triggered the running of the removal period—is dated December 26, 2013, and May 1, 2013. (Rec. Doc. 9-1). That correspondence does not mention a lawsuit because at the time there was no lawsuit—Plaintiffs did not file suit until March 6, 2014.

The service documentation supports Allstate's assertion that it first received a copy of the initial pleading on March 19, 2014. (Rec. Doc. 1-2 at 6). Allstate removed the case on April 9, 2014, well within the 30 day period to do so.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 5)** filed by the plaintiffs Arthur Hudspeath, et al. is **DENIED**.

May 13, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE